The next matter on our calendar is Osama El Omari v. Kreab Inc. and others, including the Arkin Group and the Free Trade Zone Authority. Good morning, Your Honors. I'm Scott Moore, appearing on behalf of the appellant, Osama El Omari. I'll be reserving two minutes for rebuttal. This is an international contract and fraud case, Your Honors, and I come to you with one of the key pieces of evidence in the case, sealed. And it was sealed by the district court judge in what turned out to be an unauthorized ex parte application. Your client has a copy of the report, though, doesn't he? Yes, Your Honor. So it wasn't sealed as to him, it was just sealed as to the general public, correct? There's nothing in the order indicating what parties have access to it and what parties don't. In fact, I don't know what I can speak of pertaining to the report as I appear before you today. Well, if you need to reference the sealed report, just let us know that you need to do that before you discuss the report. I don't know that counsel would object. Well, Your Honor, I have and had a copy of the report before the ceiling, before the case was filed, and in fact there's more than one copies of the report. There are more drafts than the one that was sealed. Is there something in it that supports your appellate arguments? Yes. Well, any reason you can't then file a letter under seal after this argument within, let's say, three days or whatever the presiding officer says that tells us what in that sealed document supports your argument above and beyond what's already in your brief? Yes, I can do that, Your Honor. Okay. The trial judge should have granted our motion to recuse herself and did not, and we're asking you, among other reasons, to reverse the case on that basis. What's the ground of a recusal? We have an expert witness who put in evidence that there was, as it turned out, after a month of litigating in the trial court, the facts finally came out that one of the defendant attorneys opposing counsel here, after a defense exhibit was filed publicly, directed that other defense attorney to file it under seal. And after four days of this document being in the public record, I noticed that suddenly the judge entered an order that it may be filed under seal, which was a complete mystery as to why I saw that in the docket. It took, as I said, a month of litigating in the record to find out what happened and why it was sealed like that, this being a key document for our case. And the . . . Your Honor, recused because she ordered a document sealed? Is that it? No, it's the ex parte conversation. There was an ex parte telephonic application to the . . . We view that as administrative, not substantive. No, Your Honor. We put in an affid . . . a declaration by Dr. Gregory Ogden from Pepperdine Law School indicating that his opinion did not fall within the administrative exception. It was a substantive document that required disclosure to counsel and an opportunity to . . . The document may have been substantive, but the conversation was purely procedural. Well, Dr. Ogden testified that it was a . . . the request, an ex parte request to seal a document that that filing party filed in support of their motion, that's an ex . . . that's a prohibited ex parte application because it was a filing in support of their motion, a substantive document, and that should have been disclosed, and it was not, and it materially . . . I'm trying to understand the harm that your client suffered as a result of this conversation since you had the document all the time, right? Your client had the document all the time, correct? Yes. And could refer to it in pleadings? Your Honor, this is a key document to our case in chief, which we have the burden of . . . I understand it's a key document, but what is the harm that came to your client by sealing it on the public record? Well, the harm is that document should be able to be referred to openly and completely in the public docket because there's more than one draft, and the . . . Did you have any problem referring to it in your pleadings? You referred to it in your pleadings, didn't you? Yes, but not the details in the report. Is the recusal argument because she sealed it or because somebody talked to her ex-parte? Or both? Both. It's both? Both. As far as the sealing, have you ever seen a judge recuse because a judge sealed a document? No. And would sealing possibly indicate a, quote, deep-seated antagonism that would make fair judgment impossible? That's the test, isn't it? Well, that's not the test for this particular exception. Isn't that from the Supreme Court decision, the TICI? Well, Lilleberg is the applicable case from the Supreme Court, and this . . . there's a . . . whether the test is whether Judge Buchwald's impartiality may reasonably be questioned, and Dr. Ogden testified she was required to recuse herself based on the circumstances of the ex-parte sealing. I understand. You have an expert who gives a view. That doesn't mean that carries the day. That's just his view. Well, no, it's not just . . . it's a reasonable observer, and Dr. Ogden, his testimony is that a reasonable observer would find this . . . Do you think whenever a litigant can find an ethics professor who says, in my opinion, there should be recusal, we're obliged to reverse because they didn't recuse? Well, Judge, there was no opposition. This was unrebutted by any other expert, and it's unrebutted . . . That's your view. When one professor says so and they don't bother with other professors, we must reverse. Counsel, your time has almost expired. I want to give you two minutes to discuss the merits. I think opposing counsel will all agree that you can refer to the report if you need to. Would you nod and let me know that you agree to that? He can't refer to them in a sealed communication to this court? Is that what you're saying? No, I was asking him whether he could argue the substance of the report, that it was a violation. And you object to that? In a sealed letter, you object to him doing it? No, I asked about arguing here. All right, tell us what you can about why the report is fraudulent, which is what your claim is, correct? Yes, Your Honor. The different drafts of the report show, and our client has pled that he tried to correct parts of the report that were false, incorrect, misleading, and even flying to New York with their general counsel to meet with officials from CRAB and TAG. And the report contains certain statements about who conducted the report, or who commissioned the report, and there was a fight over even the simplest thing about who commissioned the report, what party commissioned the report. There was a fight over the scope of the report. And so what party commissioned it, what the scope was, and the contents of the report, none of this even matched the so-called engagement letter, which indicated supposedly the party engaging it and the scope of the report. There was a mismatch. You were able to make these arguments to the district court, were you not? No. No, we never had the opportunity. You filed a second amended complaint, but not a third, right? There's a proposed third amended complaint in the record, and Judge Buchholz . . . In the second amended complaint, you were able to allege that the sponsorship of the report was unknown and other things as well, and the district court found those allegations wanting. Isn't that correct? That's correct, but we were not on notice that Judge Buchholz wanted more details as to what composed those allegations, which I can easily do by just taking information right out of the report and pleading for their details. And we didn't have the opportunity to do that. Judge Buchholz thought that the third amended complaint did not solve the problems and that it would be futile to allow you to file it. Tell me why she's wrong. She's wrong because we were not on notice that when the third amended complaint, the proposed third amended complaint was filed, it was done before the order, of course. You had a motion to dismiss filed against you, right? You were on notice about that, weren't you? Yes. So what more notice does a person get than a motion to dismiss because the complaint does not satisfy the requirements of our pleading standards? What more do you need than that? Well, we didn't have notice as to what exactly was the judge considering to be wanting. We knew that there was new evidence coming into the court record which supported expanding the pleadings, and that's what generated the third amended complaint, not to cure any pleading deficiencies, supposedly. But we can, with notice from this court, if it finds that there's anything deficient about the facts alleged, we can take material out of that report and compare it to the drafts and we can make it clearer. All right. Let's hear from the other side. I'll let you have your two minutes for rebuttal when you come back. Thank you. We have one attorney arguing for both CRAB, the Arkin Group, which is TAG, and the Free Trade Zone Authority, all of those. Are you representing all of them? Well, my clients are Ras Al Khaimah Free Trade Zone and His Highness Sheikh Saud. But, yes, I'm speaking on behalf of all counsel. Thank you. Please proceed. May it please the Court, Linda Goldstein for the Free Trade Zone and for Sheikh Saud. To simply address the issues that were raised on Mr. Moore's argument, with respect to recusal, the threshold issue is this court's jurisdiction to resolve that issue. It wasn't in the notice of appeal. It was not in the notice of appeal. There was an earlier decision in May in which Judge Buchwald denied the motion for recusal and that opinion and order is not mentioned in the notice of appeal. So as a threshold matter, this court need not and indeed should not consider it. To get to the actual basis for the recusal claim, no substantive right of the plaintiffs was affected by Judge Buchwald's sealing order. A plaintiff plainly had a copy of the document that was filed under seal. Indeed, the copy that's in the confidential appendix that plaintiff prepared for this court bears the ECF stamp of the originally filed document. So he downloaded it. He had it. He has presented it to this court. And he was able to rely upon it in his motion papers below. With respect to the alleged nondisclosure of the telephone call to Judge Buchwald's chambers, there was no mystery about that call. In my letter to the court when I opposed Mr. Moore's application to unseal the document, I stated that the sealing order had been made at the request of TAG's counsel, the Arkin Group's counsel. Judge Buchwald on January 31, 2017, called all counsel into her courtroom and stated on the record what she knew about the phone call, which was that her law clerk had communicated to her that he had received a call from TAG's counsel who was requesting that a document be sealed because it had been mistakenly filed on the public docket. That was it. Nothing about the substance of the case, nothing even about the reason or the basis for the sealing, other than the fact that it was a mistake. The judge then looked at the document, conducted her own review, and determined that it should be sealed and granted the sealing request. Then when Mr. Moore sent a pre-motion letter to the court asking for leave to file a motion seeking to unseal it, the parties exchanged letters or sent letters to the court. Judge Buchwald then considered the arguments made by all counsel and adhered to her original decision to keep the document under seal. Yet again, she said it was not a final decision. And so when the motion to dismiss the Second Amended Complaint was fully briefed and when the court issued its order, the court again considered the arguments, this time considering whether the document, the so-called white paper, was a judicial document and determined that it was, and made the specific findings, which this Court's Lugosz decision requires, that there were countervailing values that justified overcoming both the common law and the First Amendment rights of public access. So that was a decision that was well within the Court's discretion. With respect to the expert opinion, that of course was an expert opinion on the interpretation of the canons of judicial ethics. Ordinarily, matters of law such as that are not matters for which federal judges need expert opinions. And ordinarily, in fact, they'd be inadmissible. So the fact that there was no countervailing declaration by another expert is of no consequence. Judge Buchwald was able to conclude that the telephone call with her clerk was administrative, it was not substantive, it was therefore not an extrajudicial contact, and the Court held, both considering it as an extrajudicial communication and as a non-extrajudicial communication, that it did not meet the standard for recusal, that no reasonable observer who knew the facts about the call could conclude that it called Judge Buchwald's impartiality into doubt. As for the fraud claim that plaintiff has asserted, Judge Buchwald dismissed the claim for lack of reliance, because plaintiff's principal argument was that the only alleged misrepresentation in the report was that it had been commissioned by the free trade zone itself. And Judge Buchwald held that he could not have relied upon that since he, as is conceded in the second amended complaint, knew purportedly that the free trade zone had not commissioned the report. And there's nothing in the amended complaint that says what the plaintiff did to rely upon that purported misrepresentation or upon the purported omission that CREAB had, in fact, engaged the Arkin Group to prepare the report. As for notice to plaintiff, there was ample notice. There were pre-motion letters filed with the Court before both the first and the second amended complaint. By the time plaintiff filed a request to submit a third, a proposed third amended complaint, he had not only those letters which detailed the lack of reliance and the other defects in his fraud claim, he also had the motion to dismiss. And it wasn't just one motion to dismiss. It was three motions to dismiss by my clients, a separate motion by CREAB, and a separate motion by the Arkin Group, all of which spelled out the defects. The third amended complaint, in fact, does nothing to add to plaintiff's claims of reliance. He simply tries to add a new claim because his website crashed in 2014, two years after his employment was terminated, and he tries to charge the free trade zone with doing that. And he tried to add two defendants whose names already appear in the second amended complaint. So that doesn't help his reliance claim at all. The personal charges against the Shake, the personal charges against Shake. Shake Soud, Your Honor. Shake Soud, yes. There's a fraud claim which is defective for the same reason as a fraud claim against the other two defendants. There's also an intentional infliction of emotional distress claim for which the court found that Shake Soud was immune under foreign government official immunity, which is a conduct-based immunity which protects official acts by foreign government officials. Plaintiff's complaint is that when he arrived one evening last summer at JFK Airport, a U.S. Customs official looked at his computer screen, saw that there was an arrest warrant out for Mr. El-Omari in the United Arab Emirates, and held him there briefly while they checked into the status of that, determined that the United States does not have an extradition treaty with the United Arab Emirates, and Mr. El-Omari was free to go. And the only consequence to him was that he missed his connecting flight and had to stay overnight in New York. So putting aside whether that would even constitute anything close to an intentional infliction of emotional distress claim under New York law, it's plainly an official action. We submitted to the district court, and it's in the record before this court, the criminal judgments against Mr. El-Omari in Ras al-Khaimah in the United Arab Emirates and the Interpol red notice calling for his arrest. It was clearly an official act to communicate the red notice to the United States, and therefore that official act cannot be the basis for a cause of action in this court. If this court has no further questions, we request that the court affirm Judge Buchwald's decision in all respects. Thank you. Mr. Moore. Thank you, Your Honor. First, with respect to the jurisdiction issue raised, even though the notice of appeal does not specifically address the recusal motion and decision, it naturally flows from that notice of appeal that the judge issuing that opinion, when she's challenged on the grounds that we did, that it's something the court should consider. Why? Well, on addendum A to form C, which we filed, we specifically addressed these very orders. It says, Judge Buchwald denied plaintiff's motion for recusal, denied plaintiff's motion to unseal the tagged white paper, and granted all defendants 12B motions to dismiss with prejudice. That frames right at the outset what we were intending to appeal. And then- You say at the outset. The outset is when you file your notice of appeal, right? Yes. And it's not there. It's not in the notice itself, no. On addendum B to form C, it's the very first issue that we raised. It says, err by the trial court in application of the administration exception rule in denying plaintiff's recusal motion. It naturally flows from that order we submit. With respect to opposing counsel's discussion about the order should be sealed, we had an expert witness address that issue also, which Judge Buchwald did not respond to or mention at all, Dr. Lilac Natchum. And Dr. Natchum indicated in her opinion there was no reason for the tagged white paper to be sealed, and she enunciated her reasons why. As far as the reliance point, we clearly indicated in the pleadings that Osama al-Omari relied on the truthfulness of the parties preparing the written report. And why else would Mr. al-Omari and the counsel for that organization fly to New York to try to correct untruths in the report? They were relying that they would do so, that their effort to correct the mistakes, the false representations, would be addressed. If they did not rely on the truthfulness of those parties, they would never have flown to New York. They would have just let it go without objections. If we had the opportunity, we can show in the drafts that there were corrected drafts submitted by Mr. al-Omari and counsel for the Free Trade Zone Authority going to CRAB and TAG requesting specific changes. And those changes were not materially addressed, which is part of the fraud claim. In conclusion, counsel? In conclusion, we ask the court also to notice that Rodhaus Sterling, a third expert, was not considered by Judge Buchwald. We respectfully request the court reverse and revamp further proceedings with a new judge in the district court. Thank you. Thank you. We'll reserve decision.